UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN L. MULLINS,   )<br>                                         )<br>   Plaintiff,                        )<br>                                         )<br>   v.                                   )<br>                                         )<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security,              )<br>                                         )<br>   Defendant.                    )<br>_____ ) | CASE NO. C09-1790RSL<br><br>DECISION REMANDING<br>MATTER TO COMMISSIONER<br>OF SOCIAL SECURITY<br>ADMINISTRATION |

Plaintiff Melvin L. Mullins proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration ("SSA"). The Commissioner denied plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") after a hearing before an Administrative Law Judge ("ALJ"). Having considered the ALJ's decision, the administrative record ("AR"), the Report and Recommendation of the Honorable James P. Donohue, and the papers submitted by the parties, the Court finds as follows:

As the claimant, Mr. Mullins bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in

DECISION REMANDING MATTER
TO COMMISSIONER- 1

any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, the Commissioner must determine whether the claimant is gainfully employed. In this case, the ALJ found that plaintiff had not engaged in substantial gainful activity since February 20, 2003, the alleged onset date. AR 14. At step two, the Commissioner must determined whether the claimant suffers from a severe impairment. The ALJ found that plaintiff's diabetes, coronary artery disease, and right shoulder limitation qualify as severe impairments. AR 14-16.[1] Step three asks whether the claimant's impairments meet or equal a listed impairment, which the ALJ answered in the negative. AR 17-18. In such circumstances, the Commissioner must assess claimant's residual functional capacity ("RFC") and determine at step four whether he has demonstrated an inability to perform past relevant work. The ALJ found that plaintiff is able to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b). The ALJ specifically found, however, that the "claimant must

---

[1] The ALJ found that plaintiff's depression, kidney disease, and back problems are non-severe impairments. AR 16-17.

DECISION REMANDING MATTER
TO COMMISSIONER- 2

avoid concentrated exposure to the extreme cold, vibration and hazards (machinery, heights, etc.)". AR 18.  Given these limitations, the ALJ determined that plaintiff was able to perform his past relevant work as a production worker and catalogue salesman and is therefore not disabled.  AR 22.

Plaintiff argues that the Commissioner erred in (1) considering his catalogue sales as past relevant work, (2) failing to make the findings required under SSR 82-62 and 96-8p when determining that plaintiff could perform past relevant work, (3) improperly rejecting an examining physician's opinion, (4) failing to comply with 20 C.F.R. § 404.1520a when evaluating whether plaintiff has a severe mental impairment, and (5) giving no weight to the Veteran's Administration's disability finding.  He requests a remand for further administrative proceedings to correct the alleged errors. Dkt. # 14 at 11.

**I. Past Relevant Work**

Plaintiff argues that his past employment as a catalogue salesman for Eddie Bauer cannot be considered "past relevant work" because it occurred more than fifteen years before the date of adjudication.  The governing regulation states that the SSA will usually not consider work the claimant did more than fifteen years before the adjudication date because jobs change over time, such that skills and abilities obtained years ago may no longer be applicable.  20 C.F.R. § 416.965(a).  The fifteen-year period is a guideline, however.  Smith v. Sec. of Health and Human Servs., 893 F.2d 106, 109 (6th Cir. 1989).  Where the past work was unskilled, the abilities required are essentially unchanged, and/or claimant's more recent work involves a continuity of skills, knowledge, and processes, work performed more than fifteen years before the adjudication date can be considered.  See Id.; Bowman v. Heckler, 706 F.2d 564, 567

(5th Cir. 1983); 20 C.F.R. § 404.1565(b); SSR 82-62.

The more difficult question is whether the Commissioner must make specific findings regarding the relevance of past work before it can be considered. In this case, the Commissioner made no findings regarding the duties of a catalogue salesperson or whether the skills and abilities that enabled plaintiff to perform that job fifteen years ago are marketable today. The ALJ simply found that "the claimant's prior work in catalog sales at Eddie Bauer, which was significant gainful activity on a part-time basis, falls within the claimant's residual functional capacity." AR 22. Neither the governing regulations nor case law requires the ALJ to do more. Plaintiff has the burden of proof at steps one through four of the sequential evaluation process and must therefore show that he cannot perform past relevant work. Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). "The necessary consequence of this burden is that the claimant has the burden of showing that certain work experience is not past relevant work." Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). See also Khuu v. Chater, 12 F. Supp.2d 1028, 1033-34 (C.D. Cal. 1997).

The fifteen-year limitation is a guideline, and the record provides evidence from which the ALJ could reasonably conclude that claimant's catalogue sales job remains relevant given the duties performed and the continuity of skills used in the intervening years. AR 93. This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and whether the findings are supported by substantial evidence in the record as a whole. See Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Magallanes v. Bowen, 881 F.2d 747, 750

(9th Cir. 1989). If the evidence can reasonably support either affirming or reversing the benefits determination, the Court may not substitute its judgment for that of the Commissioner. <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006). Because there is substantial evidence supporting the ALJ's relevance determination, his consideration of claimant's employment in catalogue sales when determining whether plaintiff could perform past relevant work at step four of the sequential analysis was not error.

## II. Findings Under SSR 82-62 and 96-8p

Determining whether a claimant can perform his past relevant work "requires careful consideration of the interaction of the limiting effects of the person's impairment(s) and the physical and mental demands of" the past work. SSR 82-62. Requiring the ALJ to make specific findings on the record regarding both plaintiff's limitations and the requirements of potential employment options "provides for meaningful judicial review. When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment . . ." is unstated, the Court has "nothing to review." <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th Cir. 2001).

In this case, the ALJ made findings regarding plaintiff's limitations, including the need to avoid "concentrated exposure to the extreme cold, vibration and hazards (machinery, heights, etc.)". AR 18. The ALJ did not, however, make any findings regarding the duties or demands of plaintiff's past work experiences. With regards to plaintiff's employment at Boeing, the ALJ simply described the job as "production work." AR 22. This characterization does not comport with plaintiff's work history reports and may not capture the primary responsibilities of plaintiff's technical design

job. Plaintiff described his job as: "design parts on computer for aircraft. coordinate between engineering and manufacturing. Go to manufacturing to oversee installations of parts on aircraft and follow up with reports." AR 90. Although one could reasonably conclude from the record that more than half of plaintiff's time was spent using computer-aided drafting systems, plaintiff reported walking and standing for approximately two hours per day. AR 90, 540. Because the ALJ made no findings regarding the physical demands of plaintiff's work at Boeing, the Court has no basis on which to review the ALJ's assumption that plaintiff's past work did not involve exposure to extreme cold, vibration, machinery, heights, or other hazards.

Nor can the Court conclude that the ALJ's error was harmless. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (recognizing that harmless error can occur in the Social Security context). Where the ALJ provides a number of justifications for his decision, only some of which constitute error, the Court must determine whether the remaining legitimate justifications provide substantial evidence supporting the ALJ's decision. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004). The key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1163 n. 4 (9th Cir. 2008). Where the ALJ fails to make findings or provide any reason why evidence in the record was ignored, "[t]here was simply nothing in the record for the court to review to determine whether the ALJ's decision was adequately supported." Id. at 1163. In those circumstances, a heightened harmless error standard applies, such that "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could

DECISION REMANDING MATTER
TO COMMISSIONER- 6

have reached a different disability determination." <u>Stout v. Comm'r of Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

Based on the administrative record, a reasonable fact-finder could conclude that overseeing the installation of airplane parts in Boeing's manufacturing division involved exposure to cold, heights, and/or machinery. That is not the only reasonable conclusion from the admittedly sparse record, but it means that the ALJ's failure to make findings regarding the demands of plaintiff's past work is not harmless as a matter of law.

### III. Rejection of Examining Physician's Opinion

Plaintiff argues that the ALJ implicitly rejected the opinion of an examining physician, Dr. Linda Ford, without providing legally sufficient reasons. As discussed by the Magistrate Judge, this argument rests on a false premise. The ALJ did not reject Dr. Ford's opinion, either explicitly or implicitly. Dr. Ford noted that plaintiff would have to compensate for certain deficiencies when performing detailed or complex tasks, but concluded that coping mechanisms were readily available and within plaintiff's capabilities. She ultimately concluded that "[i]n terms of performing work activities consistently and maintaining regular attendance, claimant's presentation, description of his difficulties, and the records available to me indicate no reason why he should have difficulty with either." AR 456. The ALJ did not have to provide "clear and convincing" reasons for rejecting Dr. Ford's opinions (<u>see</u> <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991)), because he did not reject them.

### IV. Method for Determining Mental Impairment

Plaintiff asserts that the ALJ failed to comply with 20 C.F.R. § 404.1520a when evaluating whether plaintiff's depression was a severe impairment. Pursuant to

DECISION REMANDING MATTER
TO COMMISSIONER- 7

§ 404.1520a(e)(2), the ALJ's written decision "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section," namely "[a]ctivities of daily living, social functioning, concentration, persistence, or pace; and episodes of decompensation." In his decision, the ALJ summarized the record evidence and concluded that, "[s]ince the claimant's depression seems to be isolated incidents and . . . is not serious enough to require medication, . . . it does not rise to the level of a severe-impairment." AR 16. The ALJ did not make specific findings regarding the degree of limitation plaintiff suffers in any of the four functional areas. Because plaintiff raised a colorable claim of mental impairment (*i.e.*, a finding of non-severe impairment was not compelled by the evidence), such findings were mandatory and the failure to make them requires a remand. Gutierrez v. Apfel, 199 F.3d 1048, 1050-51 (9th Cir. 2000).[2]

**V. Failure to Accord Veterans Administration's Disability Finding Any Weight**

After noting that the Veterans Administration's criteria for determining disability differs from those considered by the Social Security Administration, the ALJ accorded "no weight" to the VA's determination that plaintiff is disabled. In the Ninth Circuit, "an ALJ must ordinarily give great weight to a VA determination of disability" because of the marked similarities between the two federal programs. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (listing both overarching and specific features shared by both disability programs). If an ALJ decides to give less weight to a

---

[2] To the extent Gutierrez required remand for failure to complete and append a standard document recording how the Commissioner applied the § 404.1520a technique, it was superceded by a later amendment to the regulation. Section 404.1520a now requires the standard document only at the initial stages of the Commissioner's review: documentation of the technique in the written decision suffices at the administrative hearing stage.

DECISION REMANDING MATTER
TO COMMISSIONER- 8

VA disability determination because the criteria for determining disability are not identical to those used by the SSA, he must set forth "persuasive, specific, valid reasons for doing so that are supported by the record." Id.

When it decided McCartey, the Ninth Circuit was fully aware that the two agencies utilize different criteria for determining disability and yet it required ALJs to afford the VA's decision "great weight" unless adequate and valid reasons for not doing so were presented. The differences in the programs alone cannot justify the complete disregard of the VA's finding. Thus, the Court must determine whether the ALJ in this case provided "persuasive, specific, valid reasons for doing so." He did not. The ALJ, convinced as he was that the record before him did not support a finding of disability, simply stated that "[t]he medical records provided for the time period in question do not remotely support a conclusion that the claimant is incapable of returning to his prior relevant work and I confess to being nonplussed by the VA determination." AR 21. Other than the fact that "the two agencies have different criteria," a fact already taken into consideration in the McCartey rule, the ALJ made a broad brush assertion that the VA was wrong, without providing any analysis or justification for affording the VA's decision "no weight." Under controlling Ninth Circuit authority, the Commissioner's decision must be reversed and remanded.

For all of the foregoing reasons, this matter is hereby REMANDED to allow the Commissioner of the Social Security Administration to review the record and address the identified errors.[3] In reconsidering this case, the Commissioner may hold further

---

[3] Because a remand is required for failure to make the findings required under SSR 82-62 and 96-8p, the Court need not determine whether the errors in Sections IV and V alone would

DECISION REMANDING MATTER
TO COMMISSIONER- 9

hearings and/or receive additional evidence. The Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant.

Dated this 22nd day of October, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

require a remand under either <u>Batson</u>, 359 F.3d at 1197, or <u>Stout</u>, 454 F.3d at 1055-56.

DECISION REMANDING MATTER
TO COMMISSIONER- 10